IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLIONIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE COX, | Case No. 1:16-cv-04388 |
| Plaintiff, | |
| vs. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA; and NORTHWESTERN MEMORIAL HEALTHCARE, | |
| Defendants. | |

**COMPLAINT TO RECOVER SHORT-TERM DISABILITY BENEFITS DUE AND CLARIFICATION AS TO RIGHTS UNDER THE PLAN 29 U.S.C. § 1132(a)(1)(B)**

Now comes Plaintiff, CANDACE COX, by and through her attorneys, MICHAEL BARTOLIC and ALEXIS POOL of THE LAW OFFICES OF MICHAEL BARTOLIC, LLC, and complaining against the Defendants, she states:

**NATURE OF THE ACTION**

1. This is a case where (1) Northwestern Memorial Healthcare disability benefit program cut off Plaintiff's disability benefits by ignoring the opinions of its own staff doctors who certified Plaintiff is disabled from working at Northwestern Memorial Healthcare as a clinical nurse, and (2) an insurance company trying to avoid paying long-term disability insurance benefits by terminating short-term disability benefits in a manner courts repeatedly hold is arbitrary and capricious.

2. In reviewing and terminating Plaintiff's claim for disability benefits, Unum created an impossible standard for Plaintiff to meet. Unum (a) terminated Plaintiff's benefits

without notifying her in advance that she should submit to any sort of testing or produce any particular form of proof of her limitations, then (b) stopped paying Plaintiff for lack of proof without the ERISA required identification of what evidence Plaintiff could submit to perfect her claim, and then (c) completely disregarded a functional capacity examination result that objectively proved Plaintiff cannot meet the physical demands of a clinical nurse because Plaintiff did not obtain the test prior to Unum's termination of the benefits. Such conduct is incompatible with the fiduciary standards ERISA places on Unum, and courts repeatedly reverse insurers' actions in disregarding such proof.

3. Plaintiff seeks payment of short-term disability benefits under an employee benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is based upon ERISA, and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

5. The ERISA statute provides a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

6. An ERISA action may be brought in the federal judicial district where the plan is administered, where the alleged ERISA breach took place, or where a defendant resides or may be found. Northwestern Memorial Healthcare administers the plan in this district, and by virtue of Plaintiff residing in this district, the breach also occurred here. Venue is thus proper in the United States District Court for the Northern District of Illinois. 29 U.S.C. § 1132(e)(2).

## THE PARTIES

7. Plaintiff, CANDACE COX (hereinafter "Cox" or "Plaintiff") is an employee of Northwestern Memorial Healthcare, which sponsors a short-term disability benefit plan for its employees. Incident to her employment with Northwestern Memorial Healthcare, Cox received coverage under the plan as a "participant" as that term is defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the short-term disability plan mentioned above.

8. Defendant NORTHWESTERN MEMORIAL HEALTHCARE (hereinafter "Northwestern") is the Plan Administrator of the short-term disability benefit plan for its employees and is solely responsible for paying any benefits under the plan. The Summary Plan Description states that Northwestern pays benefits under the plan, and no insurance policies exist to pay the claims. (Ex. 1).

9. Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "Unum") reviews claims under Northwestern's short-term disability plan and decides whether a claimant receives benefits. Unum awards benefits under the plan, though Northwestern is the party obligated to play the benefits. By virtue of Unum also underwriting the long-term disability insurance policy for Northwestern, and paying any claims thereunder, Unum is conflicted in between its obligations to properly review claims under the short-term disability plan, and its financial interest to prevent short-term disability claims from maturing to long-term disability claims.

## STATEMENT OF FACTS

10. Cox worked as a Clinical nurse at Northwestern until May 28, 2015, when she was no longer able to sustain working due to her severe, persistent, chronic abdominal pain.

11. The occupation of Clinical nurse falls within the medium physical exertion category of jobs defined by the United States Department of Labor, with which Unum agreed. Medium exertion level occupations require at least exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or up to 10 pounds of force constantly to move objects.

12. Among other things, Clinical nurses must be able to: (1) lift and hold up to 50 pounds, up to 50 times per shift; (2) transport and handle patients, which may entail supporting a patient's entire body weight; (3) push and pull 50 pounds to transfer patients and equipment; (4) frequently stand; and (5) frequently walk, none of which Plaintiff can do, as demonstrated by her functional capacity examination (which Unum disregarded).

13. Under the plan, Disabled means "that you are limited from performing the material and substantial duties of your regular occupation due to your illness, injury or maternity leave. You also need to be under the care of a physician."

14. The plan defines "Material and Substantial Duties" as "duties that are normally required for the performance of your regular occupation."

15. Cox applied for and immediately received short-term disability benefits from her stop work date, May 28, 2015, through August 2, 2015. Unum appropriately characterized Cox's occupation as Clinical nurse as a medium strength physical exertion level occupation, and approved her claim.

16. While on disability leave Cox continued experiencing severe and persistent abdominal pain while her doctors at Northwestern continued to investigate the underlying cause. Because of the pain and symptoms, in addition to being unable to work as a Clinical nurse, Cox

4

is limited in her routine activities of daily living, such as chores and duties around the house (cleaning her home, lifting groceries, doing laundry), self-care, and social activities.

17. On August 18, 2015, Unum informed Cox that Unum terminated Cox's short-term disability benefits effective August 2, 2015. Prior to that decision, Unum never indicated to Cox that it needed additional proof of disability from Cox, or specified that Cox should obtain a functional capacity examination. Instead, Unum based its decision solely on the fact that Northwestern's own doctors had not identified the underlying cause of the pain quickly enough.

18. While this letter invited Cox to submit "new information" to be considered with an appeal, should she submit one, it failed to comply with ERISA regulations. ERISA requires that a claim denial or termination must include "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(iii). Unum's August 18, 2015, letter provided no such description by tersely inviting Cox to submit "new information."

19. Notwithstanding, when Cox appealed, she gave Unum "new information," though Unum later disregarded it.

20. Cox underwent a functional capacity examination on January 15, 2016, which concluded Cox only had capacity, at most, for work performed at the sedentary level of exertion, which falls below that required for a Clinical nurse.

21. The objective test results revealed Cox lacked capacity to sit for more than 10 minutes, stand for more than 10 minutes, or walk for more than 0.2 miles. These capacities are insufficient to work as a Clinical nurse, because Clinical nurses must be able to frequently stand and walk.

22. Cox could not lift more than 10 pounds, could not carry more than 12 pounds, and could not push or pull more than 40 pounds. These capacities are insufficient to work as a Clinical nurse because Clinical nurses must be able to lift and hold 50 pounds, and push and pull 50 pounds.

23. The objective examination results corroborated everything Northwestern's own doctors certified to Unum: that Cox could not work as a Clinical nurse.

24. Despite receiving Cox's appeal with "new information," including objective evidence of Cox's inability to meet the requirements of a Clinical nurse, corroborating the doctors' opinions, Unum still upheld its decision to terminate benefits, reasoning Cox did not get the functional capacity examination done before Unum terminated Cox's benefits.

25. Upon information and belief, Unum has an internal policy, training, or guidance teaching claims reviewers to disregard objective test results when claimants obtain them after a benefit termination or denial. Plaintiff is aware of at least one other adverse benefit determination by Unum using the same rationale, that the test post-dates the adverse decision, issued by a different claim reviewer, reviewing a claim under a different insured benefit plan, within the same month as this decision.

26. Plaintiff does not have access to this information, and Unum has not included any such materials in the record.

### Exhaustion of Internal Claim Procedures

27. Plaintiff stopped working on May 28, 2015, and Unum approved Plaintiff's claim for short-term disability benefits starting June 2, 2015.

28. On August 18, 2015, Unum terminated the claim as of August 2, 2015, constituting an adverse benefit determination as defined in 29 C.F.R. § 2560.503-1. Cox timely appealed that adverse benefit determination.

29. On October 23, 2015, Unum informed Cox that it upheld its decision to terminate benefits.

30. On January 29, 2016, Cox again timely appealed the adverse benefit determination.

31. On March 24, 2016, Unum upheld its prior adverse benefit determination, constituting a final administrative denial.

32. Unum's denial of Plaintiff's claim was contrary to the terms of the plan.

33. As a direct and proximate result of Unum's denial of Plaintiff's claim for benefits, there has been created a case of actual controversy by and between the parties hereto entitling Plaintiff to a declaration of rights clarifying the benefits to which she is entitled under the plan.

34. All administrative remedies and conditions precedent have been exhausted and this claim for benefits is ripe for adjudication.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in favor of the Plaintiff and against Unum and Northwestern Memorial Healthcare;

B. That the Court order Plaintiff's payment of all past-due short-term disability benefits under the terms of the plan; and

C. That the Court order Northwestern Memorial Healthcare to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

D. That the Court award Plaintiff her reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit;

E. That the Plaintiff recovers any and all other relief to which she may be entitled.

>  Respectfully submitted,
>
>  CANDACE COX

Dated: April 18, 2016  By:  /s/ Michael Bartolic
　　　　　　　　　　　　　　　　　One of the Attorneys for the Plaintiff

Michael Bartolic
Alexis Pool
THE LAW OFFICES OF MICHAEL BARTOLIC, LLC
208 South LaSalle Street
Suite 1420
Chicago, Illinois 60604
Tel: 312-635-1600
Fax: 312-635-1601
mbartolic@michaelbartolic.com
apool@michaelbartolic.com

8